UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
| | |
|---|---|
| CLAYTON D. DAVENPORT TRUCKING, INC. * | |
| * | |
| Plaintiff * | |
| * | |
| v. * | CIVIL ACTION NO. 07-11939-NMG |
| * | |
| MASSACHUSETTS LABORERS' BENEFIT * | |
| FUNDS and * | |
| MASSACHUSETTS LABORERS' DISTRICT * | |
| COUNCIL, * | |
| * | |
| Defendants * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## OPPOSITION OF DEFENDANT, MASSACHUSETTS LABORERS' BENEFIT FUNDS, TO PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S SUMMARY JUDGMENT MOTION AND FOR FURTHER RELIEF

The Complaint in this matter attacks the labor arbitration machinery under Plaintiff's Collective Bargaining Agreements with the Laborers' Union, wherein both the Union and the Fringe Benefit Funds established under those Collective Bargaining Agreements were pursuing arbitration claims against the Plaintiff for its failure to pay the fringe benefit contributions called for by those Agreements. In a series of lengthy letters, counsel for Plaintiff took the position that he should not have to be exposed to arbitration proceedings because his client had terminated the Collective Bargaining Agreements, although his client's copy of the "termination" notice had been destroyed in an area flood. The Collective Bargaining Agreements in question call for termination notices to be given at least sixty days prior to the May 31 expiration date of the agreements, and the notices are to be given <u>to the Union</u>. The Plaintiff claimed that its "termination" notice had been given in the Summer of 2004, <u>subsequent</u> to May 31, and was not sent <u>to the Union</u>, but it was claimed it had been sent to the <u>Massachusetts Laborers' Benefit Funds ("Benefit Funds") office</u>. Both the Union and the Benefit Funds office disclaimed having

received any such notice and, in any event, it would not have been timely and would not have been sent to the proper party. Accordingly, this was one of the main issues that was to be submitted to the arbitration panel, namely whether there was a factual basis for the Plaintiff's claim that it had properly terminated its collective bargaining agreement.[1] At the first hearing before the arbitration tribunal, Plaintiff's attorney asserted that not only had a termination letter been sent by his client, but that his client had spoken to a representative of the Benefit Funds office, who acknowledged receipt and possession of that notice. At that point, it was agreed to suspend the hearing and for the Benefit Funds office to inquire if any such notice had been received by it (although this notice not only would not have been timely, but also would have been sent to the wrong party). It was agreed by Plaintiff's counsel to resume the arbitration hearing on October 12, 2007. In the meantime, counsel for Plaintiff requested copies of the applicable Collective Bargaining Agreements, which were shown to him at the September 21, 2007 arbitration, and copies were sent to him the following week. It was discovered that the only communications from Plaintiff to the Benefit Funds office in the Summer of 2004 were not "termination" notices, but were simply a series of monthly remittance forms where the Plaintiff indicated it was not employing members of the Union.

On receipt of these monthly notices in the Summer of 2004, the Benefit Funds office assumed that Plaintiff was no longer involved in the construction business and the matter sat in that posture until it was discovered in the Spring of 2007 that, in fact, the Plaintiff was still engaged in the construction business and had a number of construction projects under way in Western Massachusetts, and, when the Plaintiff refused to have an audit conducted of its payroll records to ascertain the number of work hours

---

[1] It is well established that issues relating to whether one of the contracting parties had properly terminated the Collective Bargaining Agreement is within the jurisdiction of the arbitration panel to determine. See Rochedale Village v. Public Service Employees Union, 605 F.2d 1290, 1297 (2nd Cir. 1979), Becker Auto Radio USA v. Becker Auto Radio WBRKO, 585 F.2d 39, 46-47 (3rd Cir. 1979) and Teamsters v. Interstate Distributor Company, 932 F.2d 507 (9th Cir 1987), which are summarized on page 9 of Defendant's Memorandum in Support of Motion for Summary Judgment.

covered by the Laborers' agreement it had performed without paying the Union wages and benefits, the arbitration proceedings were initiated.

Although all parties, including counsel for Plaintiff, had agreed to resume the hearing on October 12, 2007, and even though all relevant documents that Plaintiff had requested had been forwarded to Plaintiff's counsel well in advance of that agreed-upon hearing resumption date, Plaintiff's attorney sent a 4:30 a.m. notice on the date of the hearing that he intended to initiate proceedings seeking to enjoin the hearing in the United States District Court at 8:30 that morning.

When the undersigned ascertained in three separate telephone calls to the Clerk's Office at the United States District Court that, in fact, no such proceeding had been filed by Plaintiff, and when Plaintiff failed to appear at the agreed arbitration proceeding, the proceeding commenced and was completed in the absence of Plaintiff, and the arbitration panel determined that Plaintiff had not terminated its agreement and was in violation of the agreement by not paying fringe benefits since 2004. Eventually, that afternoon, Plaintiff did initiate this proceeding, and sought an ex parte order restraining the arbitration proceeding before Emergency Judge Saris of this Court. Interestingly enough, even though no notice or copy of the ex parte motion had been given at that time by Plaintiff's attorney to any of the Defendants, Plaintiff's attorney appended to the ex parte emergency motion a Certificate of Service falsely representing that a copy of that Motion had been faxed to the undersigned. When the undersigned was advised by Judge Saris's clerk, several hours later, that the Judge intended to conduct a hearing on the Motion, the undersigned advised the clerk that we were completely unaware of the Motion and no copy had been forwarded to us by Plaintiff's attorney. This was one of the several reasons expressed by Emergency Judge Saris in denying the Motion. The judge also noted in her denial that the Plaintiff had agreed to attend the arbitration on that morning, and that there accordingly was no basis to issue a Restraining Order.

With this unusual background, Plaintiff is now claiming that Defendant's Motion for Summary Judgment seeking to enforce the Arbitration Decision against Plaintiff is premature for a number of asserted reasons:

(a) Plaintiff is seriously contending that because the Defendant Benefit Funds has not accepted "service of process", it may not file such a Motion. In fact, by filing its Answer to the Complaint on November 1, 2007, there is no longer any need to effect a "service of process" on Defendant, and Defendant is well entitled to file this Motion.

(b) Plaintiff contends that the Motion is improper, as Plaintiff merely sought to enjoin the arbitration, and has not yet filed an Amended Complaint (although it was granted leave to do so some seven weeks ago by this Court), seeking to vacate that arbitration award. There is certainly no requirement that Plaintiff attempt to vacate the arbitration award as a condition to the Defendant's seeking to enforce the arbitration award. Plaintiff's Motion simply seeks an Order of this Court to enforce the arbitration award, and it is perfectly proper before this Court.

(c) Plaintiff contends that Defendant Massachusetts Laborers' Benefit Funds has failed to comply with Local Rule 7.1(a)(2) as there was no conference of counsel in advance of the filing of the Motion. At the time of the first arbitration hearing, immediately following the formal hearing itself, counsel for Massachusetts Laborers' Benefit Funds and counsel for co-Defendant Massachusetts Laborers' District council conferred with counsel for Plaintiff for nearly one hour, to advise him that it would likely be beneficial for his client to resolve this matter, as it would be the intention of both attorneys, should the arbitration panel rule against the Plaintiff, to seek an Order of the United States District Court to enforce the award, and that that would be implemented via Summary Judgment proceedings. It was agreed to discuss the matter further when the parties agreed to resume the arbitration matter on October 12, 2007 at 9:30 a.m. As a

result of Plaintiff and Plaintiff's attorney not appearing on that agreed date, the conference was obviously not resumed. When Plaintiff's attorney advised the undersigned that, notwithstanding his unilaterally withdrawing from the agreed arbitration so that counsel for all parties could not continue their discussions, he was insisting upon a conference on the Motion, the undersigned twice sent communications to counsel for Plaintiff requesting such a conference, and counsel for Plaintiff has not agreed upon such a conference. Copies of those communications are appended hereto.

(d)  Plaintiff contends that because a Rule 16 Pre-trial Scheduling Conference has not been held (the conference has now been scheduled for March 14, 2008), a Summary Judgment Motion may not be filed or heard. Rule 56(a) and (b) is quite clear that such motions are perfectly appropriate and may be filed by Defendant at any time. In fact, as Rule 16(c)(11) itself makes it clear that the Rule 16 conference may be utilized for the "disposition" of _pending_ motions, that Rule clearly contemplates that motions may be filed _prior_ to the Rule 16 Pre-trial Conference.

For the reasons set forth above, it is respectfully submitted that Plaintiff's Motion to Strike and for Further Relief should be denied.

Dated: February 7, 2008

MASSACHUSETTS LABORERS'
BENEFIT FUNDS

By its attorney,

/s/ John D. O'Reilly, III
John D. O'Reilly, III
BBO # 379995
O'Reilly, Grosso & Gross, P.C.

1671 Worcester Road, Suite 205<br>
Framingham, MA  01701-5400<br>
Tel.: (508) 620-0055<br>
E-mail: pwoods@ogglaw.com

## CERTIFICATE OF SERVICE

I, John D. O'Reilly, III, hereby certify that a true copy of the foregoing Motion was sent by e-mail on this 7th day of February, 2008 to Craig J. Tiedemann, Esquire, and by first class mail, postage prepaid to Thomas Coffey, Esquire, Massachusetts Laborers' District Council, 7 Laborers' Way, Hopkinton, MA  01748.

<i>/s/ John D. O'Reilly, III</i><br>
John D. O'Reilly, III

G:\joreilly\MLBF-Delinquencies\Davenport Trucking\USDC 07-11939\MLBF Opp to Pltff Motion to Strike.doc

# O'REILLY, GROSSO & GROSS, P.C.
### ATTORNEYS AT LAW
1671 WORCESTER ROAD, SUITE 205
FRAMINGHAM, MA 01701-5400

JOHN D. O'REILLY, III
JAMES F. GROSSO
KARL J. GROSS

(508) 620-0055
Fax   (508) 620-7655

January 23, 2008

Craig J. Tiedemann, Esquire
Tiedemann Law Firm
77 Franklin Street, 3rd Floor
Boston, MA   02110

Re:   C. D. Davenport Trucking/Mass. Laborers' Benefit Funds

Dear Attorney Tiedemann:

I note that the Court has scheduled a Pre-trial Conference in the above-entitled matter for March 14th. I would be pleased to meet with you to discuss any matters you feel appropriate in order to expedite the Pre-trial Conference discussion. Please note that I will be out of the country on vacation from February 4th through the 14th, and am committed to a surgery schedule from February 15th through the 27th.

Kindly contact me office with suggested dates, and I would be pleased to meet with you at my office.

Very truly yours,

John D. O'Reilly, III

JDO/plw

cc:   Thomas Coffey, Esquire

G:\joreilly\MLBF-Delinquencies\Davenport Trucking\USDC 07-11939\Tiedemann Ltr 01-23-08.doc

# O'REILLY, GROSSO & GROSS, P.C.
### ATTORNEYS AT LAW
1671 WORCESTER ROAD, SUITE 205
FRAMINGHAM, MA 01701-5400

JOHN D. O'REILLY, III　　　　　　　　　　　　　　　　　　　　　　　　　　　　(508) 620-0055
JAMES F. GROSSO　　　　　　　　　　　　　　　　　　　　　　　　　　　Fax　(508) 620-7655
KARL J. GROSS

January 30, 2008

VIA FACSIMILE: (617) 350-0023
AND FIRST CLASS MAIL
Craig J. Tiedemann, Esquire
Tiedemann Law Firm
77 Franklin Street, 3rd Floor
Boston, MA 02110

Dear Mr. Tiedemann:

I have reviewed your Motion to Strike Defendant's Summary Judgment Motion or to Extend the Time for your Response to that Motion. Your description of the factual background to this litigation is so far inconsistent with what you know to be the actual events leading to this litigation, I thought it would be appropriate to bring some of those factual misstatements on your part to your attention, as I certainly intend to do so in our formal response to you Motion, which will be filed with the Court.

You state in paragraph 1 that your client had terminated its collective bargaining agreement, even though it was completely undisputed that no notice was ever sent to the Union terminating that contract, and the contract itself expressly conditions contract termination procedures to be based solely upon a notice to the Union. In fact, the arbitration committee expressly determined that the contract had not been terminated.

You go on to state in paragraph 2 of your Motion that you had made "continuous reasonable requests to work together to voluntarily resolve the dispute". The only communications received from you were a series of vituperative letters demanding such items as the statutory framework for the arbitration, a demand for the legal basis for the arbitration, and a refusal to participate in the arbitration, even after agreeing to a specific date for the resumption of the arbitration proceedings. In the course of those communications, you eventually requested copies of the collective bargaining agreements, which were shown to you at the first arbitration hearing, and you did not even bother to read them at that hearing. Copies of those documents were then forwarded to you prior to the scheduled and agreed-upon second arbitration date, along with copies of your client's two monthly reports, claiming that no Laborers were performing construction work for your client. There were no other documents requested by you at any other time during the arbitration proceedings, and your suggestion in your various communications and in your Motion that you were not supplied relevant documents has absolutely no factual basis.

Craig J. Tiedemann, Esquire
January 30, 2008
Page 2

In paragraph 3, you then state that you had made "repeated requests" to cancel or postpone the initial arbitration hearing. In fact, you made a single request via a telephone call to my office at 4:00 p.m. on the afternoon prior to the long-scheduled arbitration date and stated to my legal assistant that you wished to have the arbitration postponed because you "hadn't had time to even read the file". I was out of the office at the time this message was conveyed to me and, in view of the fact that I knew that two of the members of the arbitration panel were flying back from Chicago for the purpose of attending this hearing and would, therefore, be unavailable to contact concerning any postponement until they had unnecessarily flown back, and that most of the other witnesses were located in the Springfield, Mass. and Pittsfield, Mass. area, and I would not be able to contact them with regard to a requested postponement, particularly for such a frivolous reason as you had suggested, I advised my secretary to tell you that I could not consent to such a request for a postponement. For you to categorize in a Court pleading that this activity constitutes "repeated requests" has serious implications of misrepresentation of fact to the Court, which I will bring to the Court's attention in the appropriate fashion. Similarly, in paragraph 3, you state that we did not produce the documents relating to the claim against you when, in fact, those documents were produced and forwarded to you. The documents that were forwarded to you were the only documents that were produced at the eventual arbitration hearing, and, while you may think they were "paltry", as you state in paragraph 5 of your Motion, those documents were, in fact, the collective bargaining agreements binding on your client, which the arbitration panel determined had been violated by your client's failure to pay fringe benefits as required by the agreements. I note that this is not the first occasion in which you have seriously and intentionally misstated facts in Court filings. You will recall that when you sought an ex parte Order from Emergency Judge Saris, your Emergency Motion contained a Certificate of Service stating that you had faxed a copy of that Motion to me. The Motion with that Certificate was filed with the Court on October 12, 2007 at 2:21 p.m. and, in fact, you did not fax or otherwise send a copy of that Emergency Motion to me until 6:58 p.m., and only after the Motion had already been denied by Emergency Judge Saris. As I have advised you in earlier communication, your continued misstatement of facts in pleadings filed with the Court could certainly serve as the basis for Rule 11 sanctions.

Your Motion goes on to conclude that the fact that the arbitration, the date for which had been specifically agreed upon by you, proceeded in the fashion in which you had specifically agreed upon somehow constitutes an unscrupulous effort on behalf of the Defendants or, perhaps, on behalf of the arbitration committee itself, certainly ignores the fact that you had agreed upon a specific time and place for the resumption of the arbitration proceeding, and attempted to renege upon that commitment by seeking ex parte relief before the Federal Court.

With regard to your contention that, prior to the filing of the Summary Judgment Motion, counsel did not confer as required by Local Rule 7.1(a)(2), you must certainly recall that after the first arbitration date, counsel for the Massachusetts Laborers' District Council and I sat with you for almost one hour to explain to you the procedures that we traditionally follow in this type of case; namely that if the arbitration panel ruled against you, we would be seeking judicial enforcement of the arbitration decision, and typically would resolve the matter via Summary Judgment proceedings, and that that would be our

Craig J. Tiedemann, Esquire
January 30, 2008
Page 3

intention in this case, unless your client proposed an appropriate settlement disposition. Had you attended the second arbitration date, which you had specifically agreed upon, we could have continued that discussion, and you elected to renege upon your commitment. Any discussion prior to the filing of the Motion, I think, would have been entirely unnecessary, but I continue to make myself available, as I indicated to you in my recent letter to you of January 23, 2008, for a conference to expedite the pre-trial conference, which is now set for March 14th, and if you wish, I would be more than happy to discuss the Summary Judgment Motion with you.

To the extent you are claiming that the Motion is premature because we have not been "served", you will note that we have already filed an Answer to the Complaint on November 1, 2007, and there is, therefore, obviously no need to "serve" Massachusetts Laborers' Benefit Funds; nor is there any need under the Rules to wait until the conclusion of a Rule 16 Pre-Trial Conference, as the Rules are clear as to when Summary Judgment Motions may be filed.

After you have had an opportunity to review the above, I would appreciate your contacting me so that we can arrange for a meeting to discuss the Pre-Trial Conference, the Summary Judgment Motion, as well as any other matters you feel appropriate to raise.

Very truly yours,

*[signature]*

John D. O'Reilly, III

JDO/plw

cc:   VIA FACSIMILE: (508) 435-7982
      Thomas Coffey, Esquire