UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

*********************************************

| | |
|---|---|
| CLAYTON D. DAVENPORT TRUCKING, INC. | * |
| | * |
| Plaintiff | * |
| | * |
| v. | * |
| | * |
| MASSACHUSETTS LABORERS' BENEFIT | * |
| FUNDS and | * |
| MASSACHUSETTS LABORERS' DISTRICT | * |
| COUNCIL, | * |
| | * |
| Defendants | * |

CIVIL ACTION NO. 07-11939-NMG

*********************************************

MASSACHUSETTS LABORERS' BENEFIT FUNDS
STATEMENT OF UNDISPUTED FACTS
IN SUPPORT OF
AMENDED MOTION FOR SUMMARY JUDGMENT

1.      Plaintiff Clayton D. Davenport Trucking, Inc. ("Davenport") became signatory to a collective

bargaining agreement with the Massachusetts Laborers' District Council ("the District Council")

dated April 11, 1997.[1]   That agreement incorporated by reference the collective bargaining

agreement between the Construction Industry Association of Western Massachusetts and the

District Council, which agreement in turn incorporates by reference the collective bargaining

agreement between the General Contractors' Association of Pittsfield, Massachusetts and the

District Council[2].   Both agreements cover the complete trade autonomy of the Laborers'

International Union of North America, which includes both building construction work and

---

[1]      Tranghese Affidavit, ¶ 2
[2]      Tranghese Affidavit, ¶ 2

heavy & highway construction work, including all of the construction work which has been performed by Davenport since signing its agreement with the District Council[3].

2.     Davenport's agreement with the District Council also incorporated the successor area agreements referred to above[4].

3.     Both the Western Massachusetts as well as the Pittsfield agreement have contract termination provisions calling for either the Union or the signatory contractor to send a contract termination notice to the other party at least 60 days prior to the expiration date of the agreements and, in the absence of such notice, the agreement is to continue on an annual basis until either party gives the required termination notice to the other party[5]. At no time has the District Council or any of its affiliated Local Unions ever received from Davenport a notice of contract termination of either the Western Massachusetts agreement or the Pittsfield agreement, or of the direct individual agreement between Davenport and the District Council[6].

4.     Pursuant to the terms of its collective bargaining agreement, Davenport commenced payment of fringe benefits to the Massachusetts Laborers' Benefit Funds office ("the Benefit Funds") in 1997. In 2004, it stopped making fringe benefit payments and sent in a series of monthly Remittance Reports, indicating that it had not employed any Laborers for that month and was, therefore, not sending in any fringe benefit contributions[7]. Davenport claims it also sent to the Benefit Funds office, but not to the District Council office, a written notice of contract termination in the Summer of 2004. Davenport also claims its copy of that notice was destroyed in a flood at its office in 2005[8]. When this claim of notice having been sent to the Benefit Funds

---

[3]     Tranghese Affidavit, ¶ 2
[4]     Tranghese Affidavit, ¶ 2
[5]     Tranghese Affidavit, ¶ 3
[6]     Tranghese Affidavit, ¶ 3
[7]     Mackay Affidavit, ¶ 2, 3
[8]     Tranghese Affidavit, ¶ 4

office was made by Davenport's attorney at the Joint Grievance Committee hearing on September 21, 2007, the hearing was suspended and the Benefit Funds office searched its records to see if any such notice had been received by it, and that search reflected no such notice, other than a series of monthly reports in the summer of 2004 reflecting the fact that Davenport was claiming no Laborers were any longer working for it.[9]

5.      The Benefit Funds office, upon receiving a series of notices indicating that Davenport was no longer employing Laborers, assumed that Davenport was no longer in the construction business until it was informed in the Spring of 2007 that Davenport was engaged in various construction projects in Western Massachusetts.  Upon being so advised, the Benefit Funds office attempted to conduct a payroll audit of Davenport as is provided in the collective bargaining agreements, and Davenport refused to allow its payroll records to be audited[10].

6.      Upon Davenport's refusal to allow an audit, both the Benefit Funds and the District Council initiated grievance proceedings under the terms of the aforesaid collective bargaining agreements.  Both the Western Massachusetts agreement and the Pittsfield agreement provide for a joint Arbitration Board consisting of two representatives of the Union and two representatives of the Contractor Association to hear disputes arising under the agreement, and the matter is to be submitted to an impartial arbitrator under American Arbitration Association rules only if the four-person joint grievance committee arrives at a deadlock. Tranghese Affidavit, Exhibit 2, Article XXII, Section 5; Exhibit 3, Article XX, Section 5.

7.      At the designated hearing date, September 21, 2007, Davenport's attorney appeared without any other Davenport representative and asserted that a contract termination letter had been sent in the

---

[9]      Mackay Affidavit, ¶ 2
[10]     Mackay Affidavit, ¶ 4

Summer of 2004 to the Benefit Funds office, and that a representative of the Benefit Funds, in a telephone conference with Davenport, had acknowledged receipt of that notice[11].

8.     The hearing was then continued by agreement with Davenport's attorney to October 12, 2007 at 9:30 a.m. so that Benefit Funds could search its records to ascertain if any such notice was received[12].

9.     On the agreed date for the resumption of the arbitration hearing, the Joint Grievance committee was advised that Davenport's attorney sent to counsel for the Benefit Funds a 4:30 a.m. fax advising that he would be seeking at 8:30 a.m. that day an Order from the United States District Court to restrain the arbitration hearing[13].

10.    The Joint Grievance Committee was also advised that counsel for the Benefit Funds contacted the clerk for the U. S. District Court several times between 8:30 and 10:00 a.m., and was advised that no case had been filed with the Court by Davenport[14].

11.    Upon being advised that no case had been filed by the Davenport, the Grievance Committee heard the case, starting at 10:00 a.m.  No one appeared on behalf of Davenport.  Witnesses from the District Council, Laborers' Locals 596 and 473 and the Benefit Funds office testified to the following:

    a.     Davenport is signatory to the aforesaid collective bargaining agreements;

    b.     Neither the District Council nor any of its affiliated Local Unions or the Benefit Funds office ever received a contract termination notice, and the only notices received by the Benefit Funds office in the Summer of 2004 were a series of monthly Remittance Reports wherein Davenport indicated that no Laborers had been employed by it for those months;

---

[11]     Tranghese Affidavit, ¶ 4 and 5; Mackay Affidavit, ¶ 2
[12]     Tranghese Affidavit  ¶ 5
[13]     Tranghese Affidavit  ¶ 6
[14]     Tranghese Affidavit  ¶ 6

    c.      Davenport continues to work on various construction projects in Western Massachusetts covered by the aforesaid collective bargaining agreements without sending in fringe benefit contributions called for by the agreements, and is using non-Union laborers to perform work on those projects[15].

12.    Based on the above, the Grievance Committee issued the unanimous Arbitration Award[16], determining Davenport to be in violation of the labor agreements.

Dated:  May 15, 2008

MASSACHUSETTS LABORERS'
BENEFIT FUNDS

By its attorney,

  /s/ John D. O'Reilly, III
John D. O'Reilly, III
BBO # 379995
O'Reilly, Grosso & Gross, P.C.
1671 Worcester Road, Suite 205
Framingham, MA   01701-5400
Tel.:  (508) 620-0055
E-mail:  pwoods@ogglaw.com

CERTIFICATE OF SERVICE

       I, John D. O'Reilly, III, hereby certify that this document filed through the ECF System will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on May 15, 2008.  Signed under oath, this 15th day of May, 2008.

  /s/ John D. O'Reilly, III
John D. O'Reilly, III

---

[15]     Tranghese Affidavit  ¶ 8
[16]     Tranghese Affidavit, Ex. 10